UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **2109971 ONTARIO INC. d/b/a Xcella Furniture,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**MATRIX HOSPITALITY FURNITURE INC. d/b/a**<br>**Galaxy Home Furnishings And Galaxy Home Furniture, AKAL PURKH GROUP CORP. d/b/a Galaxy Home Furnishings And Galaxy Home Furniture, MATRIX HOSPITALITY FURNITURE INC., MEGA FURNITURE IMPORTS LTD., KULWINDER DEOL, RAJEEV BEDI, AND DILPREET DEOL,**<br><br>    **Defendants.** | Civ. No. 21-11412 (KM)(CLW)<br><br>OPINION |

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on the motion of the plaintiff, 2109971 Ontario, Inc. ("Xcella") for a default judgment against Matrix Hospitality Furniture, Akal Purkh Group Corp., Mega Furniture Imports, Ltd. Kulwinder Deol, and Dilpreet Deol (collectively, "defendants") pursuant to Fed. R. Civ. P. 55(b)(2). (DE 8)[1] This action arises from defendants' infringement of the plaintiff's design patent in violation of the rights of Xcella under 35 U.S.C.

---

[1] Named defendant Rajeev Bedi was voluntarily dismissed from the case. (DE 19.)

Certain citations to the record are abbreviated as follows:

DE = docket entry number in this case

Compl. = Plaintiff's Complaint for patent infringement (DE 1)

1

§§ 271(a) and 289. For the reasons set forth below, the motion is GRANTED.

## I.  STANDARD FOR ENTRY OF DEFAULT JUDGMENT

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the Court must determine whether the "unchallenged facts constitute a legitimate cause of action" so that default judgment would be permissible. *DirecTV, Inc. v. Asher*, 03-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright, Miller, Kane, 10A Federal Practice and Procedure: Civil 3d § 2688, at 58–59, 63).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, CIV.A. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations. *Doe*, 2013 WL 3772532, at *2.

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within the time provided by the Federal Rules, which is twenty-one days. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18–19 (3d Cir. 1985); Fed. R. Civ. P. 12(a).

After the prerequisites have been satisfied, a court must evaluate the

following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)); *accord Gold Kist,* 756 F.2d at 19.

## II. DISCUSSION
### a. Personal Jurisdiction

The complaint properly alleges that this court has personal jurisdiction over all of the defendants. A federal court may exercise personal jurisdiction over a defendant to the extent authorized by state law. Fed. R. Civ. P. 4(k)(1)(A). New Jersey provides for jurisdiction coextensive with constitutional due process. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004) (citing N.J. Ct. R. 4:4-4). Due process allows for general or specific jurisdiction. *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). Plaintiff does not argue that the Court has general jurisdiction, so I focus on specific jurisdiction.

A court has specific jurisdiction when the defendant has sufficient contacts with the forum, and plaintiff's claims "arise out of or relate to" those contacts. *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1025, (2021) (citation omitted). To unpack and apply that principle, the Third Circuit uses a three-part test, requiring the plaintiff to show that (1) the defendant purposefully available itself of the forum, (2) the claims arise out of or relate to at least one of the defendant's activities, and (3) exercising personal jurisdiction comports with fair play and substantial justice. *O'Connor*, 496 F.3d at 317.

Here, each defendant has purposefully availed itself of New Jersey in relation to the furniture business, the plaintiff's claims relate to the sales of furniture, and the exercise of personal jurisdiction comports with fair play and substantial justice. First, defendant Galaxy has its principal place of business

in New Jersey and has a showroom in Fairview, NJ. (Compl. ¶ 18.) Second, defendant Akal Purkh Group is a New Jersey corporation with its principal place of business in Saddle Brook, NJ. (*Id.* ¶ 19.) Defendant Matrix is a Canadian corporation but participates in shipping furniture to the United States and selling from the New Jersey stores, thus purposefully availing itself of New Jersey in relation to its allegedly infringing products. (*Id.* ¶ 20.) Defendant Mega also regularly transacts business in New Jersey, purposefully availing itself of the state in relation to its allegedly infringing products. (*Id.* ¶ 21.) Finally, individual defendants Kulwinder Deol and Dilpreet Deol, though both Canadian residents, are officers of the defendant companies and regularly transact business in New Jersey through those companies, whose New Jersey activities are the subject of the complaint. (*Id.* ¶ 22.) I thus find that the plaintiff has properly alleged that this court can exercise personal jurisdiction over the defendants.

b. **Service & Defendant's Failure to Respond**

This action was filed on May 18, 2021. All defendants were properly served in June 2021, triggering the usual twenty-one-day deadline to respond under Fed. R. Civ. P. 12(a). (DE 7–11, 14.) Defendants did not answer or otherwise respond to the complaint, even to the extent of contesting jurisdiction. On October 21, 2021, the Clerk entered default. (Entry preceding DE 16.) On November 8, 2021, plaintiff moved for entry of a default judgment. (DE 20.) The prerequisites to a default judgment are therefore met. *See Gold Kist, Inc.*, 756 F.2d at 18–19.

c. *Gold Kist* **factors**

I next evaluate the following factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Gold Kist,* 756 F.2d at 19.

i. **Meritorious defense**

As to the first factor, my review of the record reveals no suggestion that

plaintiff's claims are legally flawed or that there is a meritorious defense to them. *See Doe*, 2013 WL 3772532, at *5.

Accepting the factual allegations as admitted by the defendants' default, I find that the plaintiff has stated a claim for patent infringement. The plaintiffs' design patent, United States Design Patent No. D909,088 ("the '088 Patent") was issued in February 2021 and is valid and in full force. (Compl. ¶ 24–26.) The Complaint further alleges that defendants are, "in bad faith, importing, using, offering for sale, and/or selling furniture" that infringes the '088 Patent. (*Id.* ¶34–50.) The complaint, corroborated by affidavits, thus alleges causes of action for patent infringement, unjust enrichment and civil conspiracy.

To state a claim for design patent infringement, the Complaint must include (1) an allegation of ownership of the patent; (2) the name of the defendant; (3) the patent number allegedly infringed; (4) a statement of the means by which the defendant allegedly infringes; and (5) the section of the patent laws invoked. *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362 (Fed. Cir. 2013). The complaint meets this bar. (Compl. ¶ 3–11, 24–26, 29–33, 34–46, 53–55.)  It also includes as exhibits both the design patent and pictures of the defendants' alleged infringing products with side-by-side comparisons to the patent. (*Id.*, Ex. A, Ex. B.)

To prove the claim for design patent infringement, the plaintiff must demonstrate that an "ordinary observer" would find the patented design and the infringing product to be substantially similar. *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 668 (Fed. Cir. 2008). The design patent claims "an ornamental design for a seating unit." (Compl., Ex. A.) The ornamental design, in the figures provided, is a raised panel attached to the outside of a couch or armchair that features a narrow rectangular piece of metal that gathers the fabric on the panel into a roughly hourglass shape. (*Id.*) Defendants' infringing products contain the same type of panel with a similar horizontal piece of metal gathering the fabric in what appears to be the same shape. (*Id.*, Ex. B.) From my personal examination of the exhibits, I conclude that the accused ornament

5

is plausibly alleged to be identical to the design in the plaintiff's patent. Thus, taking the allegations of the complaint true, I find that plaintiff has sufficiently established its case for design patent infringement. The materials before the Court do not suggest that defendants have any meritorious defense.

### ii. Prejudice suffered by party seeking default & culpability of the parties subject to default

The second and third factors also weigh in favor of default.

Defendant has failed to appear and defend itself in any manner. As a result, the plaintiff, unless default judgment is entered, will be unable to vindicate its rights. *See Teamsters Pension Fund of Philadelphia & Vicinity v. Am. Helper, Inc.*, CIV. 11-624 JBS/JS, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011) (finding that "Plaintiffs have been prejudiced by the Defendants' failure to answer because they have been prevented from prosecuting their case, engaging in discovery, and seeking relief in the normal fashion.").

Absent any evidence to the contrary, "the Defendant's failure to answer evinces the Defendant's culpability in [the] default. There is nothing before the Court to show that the Defendant's failure to file an answer was not willfully negligent.'" *Id.* (citing *Prudential Ins. Co. of America v. Taylor*, No. 08–2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is nothing before the court to suggest anything other than that the defendant's willful negligence caused the defendant to fail to file an answer, the defendant's conduct is culpable and warrants default judgment)).

The only possible conclusion based on this record is that the defendant's product design infringed the plaintiff's design patent; that the defendant, not the plaintiff, is culpable both for the underlying conduct and for the failure to answer the complaint; and that the plaintiff was prejudiced as a result. Accordingly, I find that the entry of a default judgment is appropriate.

### III.   Remedies

The plaintiff seeks a permanent injunction and damages. I take the two forms of relief in order.

### a. Injunctive Relief

Patent law allows for injunctive relief to patent holders. 35 U.S.C. § 283. The court's discretion is guided by the four traditional equitable factors: (1) irreparable injury; (2) inadequacy of legal remedies; (3) the balance of hardships as between the plaintiff and defendant; and (4) the public interest. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006)).

First, because the "essential attribute of a patent grant is that it provides a right to exclude competitors from infringing the patent … infringement may cause a patentee irreparable harm not remediable by a reasonable royalty" *Acumed LLC v. Stryker Corp.*, 551 F.3d 1323, 1328 (Fed. Cir. 2008). In addition, a sworn declaration from Xcella's CEO alleges that the infringing goods undercut Xcella's prices. (DE 20-5 ¶ 25–26.) "Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are all valid grounds for finding irreparable harm." *Aria Diagnostics, Inc. v. Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013) (quoting *Celsis in Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012)). I thus find that plaintiff has established that it suffered irreparable harm.

Second, although plaintiff is entitled to money damages, as discussed *infra*, those damages inadequate and difficult to calculate with certainty and unable to wholly repair the types of irreparable harm caused by the infringement. In addition, money damages do not prevent the defendants from infringing the design patent again in the future. *See Robert Bosch LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1155 (Fed. Cir. 2011).

Third, the balance of hardships favors the plaintiff. Defendant is not being deprived of anything to which it is entitled. *See Coach, Inc. v. Bags & Accessories*, No. CIV.A. 10-2555 JBS-J, 2011 WL 1882403, at *9 (D.N.J. May 17, 2011) ("The only hardship imposed upon the Defendants is that they obey the law."). Moreover, the plaintiff has done what can reasonably be expected to enforce its rights; defendant's non-appearance implies that efforts to identify and restrain future infringement might not be fruitful.

The public interest, too, favors the plaintiff. Although consumers may prefer a knockoff to the original, particularly if it is cheaper, our precedent concludes that the public interest is enhanced by enforcing patents because they protect inventions and promote innovation. *See Douglas Dynamics, LLC v. Buyers Prod. Co.*, 717 F.3d 1336, 1346 (Fed. Cir. 2013).

Permanent injunctive relief will therefore be granted.

### b. Damages

Plaintiff also seeks damages. An infringer is liable to the design patent holder "to the extent of his total profit" and not less than $250. 35 U.S.C. § 289. In his sworn declaration, the CEO of Xcella makes a good faith calculation of defendants' profits. Based on import records and his personal knowledge, he concludes that defendants imported and sold approximately 60 units of the infringing merchandise.[2] (DE 20-5 ¶ 22–24.) Based on the prices of the merchandise and his business experience, the CEO estimated that each set would be sold at a profit of $700 on average. (*Id.* ¶ 25–27.) Thus, 60 units sold at a $700 profit would result in $42,000 in profit for defendants. Although this figure is only an estimate, it is impossible to accurately calculate defendants' profits, given that they have defaulted and not participated in discovery. I thus find that Xcella is entitled to $42,000 in damages.

Xcella, however, also requests that the damages be trebled to $126,000 under 35 U.S.C. § 284, because defendants' infringement was willful. (DE 20-1 at 17.) Plaintiff relies on cases under the Lanham Act that hold that a default, in itself, may suffice to establish that an infringement willful (*id.*), but pleads no additional facts to demonstrate willfulness. Generally, "the concept of 'willfulness' requires a jury to find no more than deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021). The level of enhanced damages, however, is left to the discretion of the District Court, 35 U.S.C. § 284, which can consider the egregiousness of the

---

[2] A unit consists of a sofa, a loveseat, and a chair, all of which allegedly infringe the '088 Patent. (DE 20-5 ¶ 22.)

8

infringer's behavior when assessing damages. *Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020); *see also EagleView Techs., Inc. v. Xactware Sols., Inc.*, 522 F. Supp. 3d 40, 48 (D.N.J. 2021). The '088 Patent was issued in February 2020, Plaintiff sent a cease and desist letter in March 2020, and this action was filed in May 2020. It is not clear that the defendants copied the design after receiving notice that a patent was pending or issued, as opposed to (less culpably) copying an unpatented design and continuing to sell infringing inventory after the patent came to their attention.[3] I do not find sufficient indicia of, *e.g.,* especially defiant infringement, and I will not award enhanced damages.

Plaintiff also requests attorneys' fees and costs, as well as pre- and post-judgment interest.

The attorneys' fees split between the plaintiff's two attorneys total $29,220. I may award reasonable attorneys' fees to the prevailing party "in exceptional cases." 35 U.S.C. § 285. Plaintiff is the prevailing party and standard for exceptional is relatively easily met, and courts have frequently found default judgments exceptional. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 572 U.S. 545, 554 (2014) (holding that "an 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances."); *see also Allergan Inc. v. Mira Life Grp., Inc.,* No. SACV 04-36 JVS MLGX, 2004 WL 2734822 (C.D. Cal. June 9, 2004). I find that this case is

---

[3] To sustain allegations of willful infringement, "a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Valinge Innovation AB v. Halstead New England Corp.*, No. CV 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018), report and recommendation adopted, No. CV 16-1082-LPS-CJB, 2018 WL 11013901 (D. Del. Nov. 6, 2018).

exceptional because of defendants' default and defendants' alleged refusal to negotiate once the infringement was brought to their attention. (DE 20-5 ¶ 22.) Having examined the extensive attorneys' fee records submitted as well as the American Intellectual Property Law Association 2021 Report of the Economic Survey, I find that the attorneys' fees are reasonable. (DE 20-2, 20-3.) I thus award plaintiff's their full attorneys' fees.

Plaintiff also seeks costs of $1,967.35. Those costs represent actual, itemized expenditures and will therefore be granted. L. Civ. R. 54.2(a)(5).

Plaintiff also request pre- and post-judgment interest. Pre-judgment interest is "the rule, not the exception." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed. Cir. 1996). Pre-judgment interest will therefore be granted on all monetary awards (aside from costs) at the rate of 3.25%. *Mathis v. Spears*, 857 F.2d 749, 760 (Fed. Cir. 1988) (awarding pre-judgment interest on attorneys' fees).

Including the 3.25% pre-judgment interest from February 2, 2021 to January 14, 2022, the resulting damages are $43,293.95. The resulting attorneys' fees are $30,120.22.

Finally, plaintiff seeks post-judgment interest, pursuant to 28 U.S.C. § 1961. I find that such an award is appropriate in the context in which the defendant has defaulted and may also resist paying the court-ordered damages. *Sun Ship, Inc. v. Matson Nav. Co.*, 785 F.2d 59, 63 (3rd Cir. 1986). Post-judgment interest shall apply to the entire monetary award.

## CONCLUSION

The Plaintiff's motion for a default judgment (DE 20) is GRANTED. A default judgment will be entered in favor of the plaintiff and against defendant enjoining further acts of infringement and awarding money damages.

Dated: January 14, 2022

/s/ Kevin McNulty
_____
**Kevin McNulty**
**United States District Judge**